
IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

**Richard Arthur**
**Plaintiff,**

vs.  Case No. 3:18-cv-01419

**Convergent Outsourcing, Inc.,**
**Defendant.**

## COMPLAINT AND DEMAND FOR JURY TRIAL

*Introduction*

Congress enacted the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §227 to protect consumers from debt collectors and telemarketers in 1991. In doing so, Congress recognized that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call . . ." 47 U.S.C. §227, Congressional Statement of Findings #13. Specifically, in enacting the TCPA, Congress outlawed unsolicited automated or pre-recorded telephone calls finding:

> Evidence compiled by the Congress indicates that residential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy.
>
> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

47 U.S.C. § 227, Congressional Statement of Findings #10 and 12. Additionally, the West Virginia legislature found that additional protections were needed and passed the West Virginia Consumer Credit and Protection Act which is a hybrid of the Uniform Credit Code and the National Consumer Act to further protect West Virginians from consumer abuses. This consumer action concerns the disregard for the protections provided by the TCPA, the West

Virginia Consumer Credit and Protection Act by Defendant in its attempt to collect a debt from Plaintiffs.

### The Parties

1. The Plaintiff, Richard Arthur, is a resident of Putnam County, West Virginia, and resides in the Southern District of West Virginia.

2. The Plaintiff is a person who falls under the protection of Article 2 of the West Virginia Consumer Credit and Protection Act (herein "WVCCPA") and is entitled to the remedies set forth in Article 5 of the WVCCPA.

3. The Defendant, Convergent Outsourcing, Inc., hereinafter "Convergent", is a corporation having its principal offices in a state other than West Virginia and which does business in West Virginia.

4. The Defendant is a debt collector as defined by West Virginia Code § 46A-2-122(d) engaging directly or indirectly in debt collection as defined by West Virginia Code § 46A-2-122(c) within the State of West Virginia, including Kanawha County, West Virginia.

### Jurisdiction

5. This court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 1367.

### Factual Allegations

6. In or about early 2018, Convergent began calling the Plaintiff numerous times, day and night, on his cell phone in an attempt to collect a debt obligation.

7. Sometime, in or about May of 2018, Plaintiff became so annoyed with the constant calls, he began logging them down onto notebook paper.

2

8. On or about May 18, 2018, during a call placed by Convergent to Plaintiff, Plaintiff informed Convergent that he would like them to take his number off their call list.

9. Since Convergent was calling Plaintiff's cell phone that would be his cell phone number.

10. Thereby, when Plaintiff requested Defendant take his number off their call list, he was revoking Convergent's authorization to place calls to his cell phone.

11. Plaintiff does not recall ever authorizing Convergent to call his cell phone but were there any authorization it was properly revoked on May 18, 2018.

12. Convergent continued to place numerous calls to Plaintiff's cell phone.

13. On or about June 21, 2018, Plaintiff informed the Defendant that if they kept calling him, he was going to get a lawyer.

14. The Defendant responded that he should "go for it."

15. The Defendant continued to place calls to Plaintiff's cell phone.

16. On August 17, 2018, Plaintiff told the Defendant to "stop calling me or this number that your are not authorized to call me or this number anymore."

17. Thereafter, the Defendant continued to place calls to Plaintiff's cell phone.

18. The Plaintiff has literally told Defendant three times to stop calling him, but yet they persist in calling.

19. Plaintiff lost time in dealing with these calls and lost the ability to make calls during the time that the line was tied up by Defendant.

## COUNT I
### *Violations of the TCPA*

20. Plaintiff incorporate the foregoing paragraphs herein.

21. At all times relevant hereto, Defendant used, controlled, or operated an ATDS as defined by § 227(a)(1) of the TCPA.

22. Defendant initiated calls to Plaintiff's telephone using artificial and/or prerecorded voices to deliver messages without the express consent of Plaintiff, in violation of 47 U.S.C. § 227 (b)(1)(A)(iii) of the TCPA.

23. Pursuant to 47 U.S.C § 227 (b)(3)(B) Plaintiff should receive $500.00 in damages for each such violation of the TCPA and $1,500 for each willful violation.

24. Defendants' calls to Plaintiff after written notice was sent to the Defendant were willful or knowing violations of the TCPA, and Plaintiff should be awarded treble damages pursuant to 47 U.S.C. § 227 (b)(3)(C).

25. As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise caused indignation, distress and wasted a great deal of time in dealing with the barrage of phone calls.

## COUNT II
### *Violations of the West Virginia Consumer Credit and Protection Act*

26. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

27. The Defendant has engaged in repeated violations of Article 2 of the *West Virginia Consumer Credit and Protection Act*, including but not limited to:

    a. engaging in unreasonable or oppressive or abusive conduct towards the Plaintiff in connection with the attempt to collect a debt by placing telephone calls to the Plaintiff after the Plaintiff had requested the Defendant stop calling the Plaintiff in violation of *West Virginia Code* § 46A-2-125;

    b. causing Plaintiff's phone to ring or engaging persons, including the Plaintiff, in telephone conversations repeatedly or continuously or at unusual times or at times known to be inconvenient, with the intent to annoy, abuse or oppress the Plaintiff

after the Plaintiff had requested in writing that the Defendant stop calling them in violation of *West Virginia Code* § 46A-2-125;

28. As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise caused indignation and distress.

## COUNT III
### *Violation of the West Virginia Computer Crimes and Abuse Act*

29. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

30. Plaintiff is a "person" as defined by *West Virginia Code* § 61-3C-3(n) as each Plaintiff is a "natural person."

31. The Defendant, Citibank, is a "person" as defined by West Virginia Code § 61-3C-3(n) as Defendant is a "limited partnership, trust association or corporation."

32. The Defendant, with the intent to harass, used an "electronic communication device" as defined by West Virginia Code § 61-3C-14a to make contact with the Plaintiff after being requested by Plaintiff to desist from contacting the Plaintiff in violation of *West Virginia Code* § 61-3C-14a(a)(2).

33. The Plaintiff was injured as a result of the violations of the *West Virginia Computer Crimes and Abuse Act* as set forth above.

34. Plaintiff seeks compensatory damages for injuries provided by *West Virginia Code* § 61-3C-16(a)(1) and punitive damages pursuant to *West Virginia Code* § 61-3C-16(a)(2).

35. As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise caused indignation and distress.

## COUNT IV

### *Violation of Telephone Harassment Statute*

36. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

37. The Defendant made or caused to be made telephone calls to the Plaintiff, causing Plaintiff's telephone(s) to ring repeatedly and continuously with the intent to annoy and harass the Plaintiff in violation of *West Virginia Code* § 61-8-16(a)(3).

38. The Plaintiff was injured by Defendant's violation of *West Virginia Code* § 61-8-16(a)(3). As Plaintiff was injured by Defendant's violation of *West Virginia Code* § 61-8-16(a)(3), the Plaintiff has a civil cause of action for damages Plaintiff sustained by reason of said statutory violation pursuant to West Virginia Code §55-7-9 which so provides.

39. As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise caused indignation and distress.

### Count V
### *Common Law Negligence*

40. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

41. Defendant negligently failed to train, supervise, monitor or otherwise control its employees to ensure that its employees did not violate the WVCCPA as alleged in Count II.

42. Defendant failed to properly train its employees and staff to avoid violations of state and federal debt collection laws.

43. The Defendant does not have appropriate policies and procedures in place for compliance with state and federal debt collection laws.

44. The Plaintiff's damages are a proximate cause of the Defendants conduct as outlined in

6

this complaint.

45. As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise caused indignation and distress.

## Count VI
### *Intentional Infliction of Emotional Distress*

46. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

47. The following conduct of Defendant was atrocious, intolerable and extreme so as to exceed the bounds of decency:

48. Defendant placed telephone calls to Plaintiffs after Defendant knew that Plaintiffs were represented by an attorney, in gross violation of the WVCCPA;

49. Defendant has adopted policies and procedures without regard to West Virginia law, which violate West Virginia law, and are designed to, or has the effect of, inflicting emotional distress upon consumers to coerce the consumer to pay money to the Defendant;

50. Insofar as Defendant's violations of the WVCCPA are deemed to be Awillful,@ pursuant to *West Virginia Code* § 46A-5-103(4) such conduct is, as a matter of law, criminal conduct punishable by fine and/or imprisonment;

51. Insofar as Defendant's conduct caused a phone to ring with the intent to harass, such conduct is criminal conduct pursuant to *West Virginia Code* § 61-8-16(a)(3) punishable by fine and/or imprisonment;

52. Insofar as Defendant's conduct of engaging in telephone conversation with Plaintiff undertaken with the intent to harass, such conduct is criminal conduct proscribed by *West Virginia Code* § 61-8-16(a)(4) punishable by fine and/or imprisonment;

7

53. Insofar as Defendant's conduct constituted knowingly allowing a phone under Defendant's control to be used to harass any person, such conduct is criminal conduct proscribed by *West Virginia Code* § 61-8-16(b) punishable by fine and/or imprisonment.

54. As a result of the Defendant's actions, the Plaintiff has suffered emotional distress.

55. As a result of the Defendant's actions, the Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise caused indignation and distress.

## Count VII
### *Common Law Invasion of Privacy*

56. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

57. The Plaintiff had, and has, an expectation of privacy to be free from harassing and annoying telephone calls within the confines of Plaintiff's home.

58. The acts of the Defendant in placing telephone calls to Plaintiff's home telephone number invaded, damaged and harmed Plaintiff's right of privacy.

59. As a result of the Defendant's actions, the Plaintiff suffered emotional distress.

60. As a result of the Defendant's action, the Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise caused indignation and distress.

### DEMAND FOR RELIEF

Plaintiff demands from the Defendant:

a. Actual damages for the violations of the WVCCPA as authorized by *West Virginia Code* § 46A-5-101(1) for all such violations that occurred up to the date and time of the filing of this complaint;

b. An award of the statutory damages in the amount of $500.00 for each violation of the

TCPA and $1,500 for each willful violation;

c. Statutory damages in the maximum amount authorized by *West Virginia Code* § 46A-5-101(1) as adjusted for inflation pursuant to *West Virginia Code* § 46A-5-106 for all such violations that occurred up to the date and time of the filing of this complaint;

d. Plaintiff's cost of litigation, including attorney fees, court costs and fees, pursuant to *West Virginia Code* § 46A-5-104;

e. The Plaintiff be awarded general damages for the Defendant's negligence as alleged;

f. The Plaintiff be granted general damages and punitive damages for Defendant's conduct alleged; and

g. Such other relief as the Court shall deem just and proper under the attendant circumstances.

**PLAINTIFFS DEMAND A JURY TRIAL ON ALL ISSUES SO TRIABLE**

                         **RICHARD ARTHUR**
                         BY COUNSEL

BY:   /s/ Benjamin M. Sheridan
       Benjamin M. Sheridan (#11296)
       *Counsel for Plaintiffs*
       Klein & Sheridan, LC
       3566 Teays Valley Road
       Hurricane, WV 25526
       (304) 562-7111
       Fax: (304) 562-7115